T.C. Summary Opinion 2015-74

UNITED STATES TAX COURT

JAMSHED AHMED CHAUDRY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JAMSHED CHAUDRY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 19609-13S, 26280-14S.        Filed December 21, 2015.

Jamshed Ahmed Chaudry, pro se.

Matthew S. Reddington, for respondent.

SUMMARY OPINION

GERBER, Judge:  These consolidated cases were heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the

petitions were filed.[1]  Pursuant to section 7463(b), the decisions to be entered are

not reviewable by any other court, and this opinion shall not be treated as

precedent for any other case.  Respondent determined income tax deficiencies for

petitioner's 2010 and 2011 taxable years of $7,912 and $5,938.18, respectively.

Respondent also determined section 6662(a) penalties for 2010 and 2011 of

$1,582.40 and $1,187.64, respectively.  The deficiencies are attributable to

respondent's disallowance of certain deductions on Schedules A, Itemized

Deductions.  The issues for our consideration are:  (1) whether petitioner is

entitled to any of the deductions that respondent disallowed; and (2) whether

petitioner is liable for the accuracy-related penalties.

Background

Petitioner resided in Maryland at the time that his petitions were filed.  On

Schedules A of his 2010 and 2011 income tax returns, petitioner claimed the

following deductions that respondent, after an audit examination, disallowed:

| Item | 2010 | 2011 |
| --- | --- | --- |
| Employee expenses | $9,100 | $16,111 |
| Charitable contributions | 6,231 | 4,200 |
| Medical expenses | 27,000 | 19,000 |

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

During respondent's audit examination of the 2010 and 2011income tax returns, petitioner was asked for substantiation of the above items, which he did not provide, and respondent issued determinations disallowing the claimed deductions.

With respect to the charitable contribution deduction claimed for 2010, petitioner provided evidence of the contribution of an automobile, and respondent in the notice of deficiency allowed petitioner $1,469 as the fair market value of the automobile contributed to the charity. Petitioner approached automobile dealers who provided values for the automobile, the average of which was $3,000.

Petitioner had several medical conditions during 2010 and 2011. His physician provided a letter advising that petitioner required transportation and/or assistance to travel to work and other places, including medical appointments.

### Discussion

Generally, deductions are allowed only as provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Petitioner bears the burden of showing entitlement to the deductions claimed on Schedules A attached to his 2010 and 2011 income tax returns. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

A. <u>Unreimbursed Employee Expenses</u>

For 2010 petitioner claimed a job-related expense deduction of $9,100 for such items as uniforms, reference books, respiratory equipment, clinical scrubs, professional clothes, laundry, cell phone, parking, tolls, transportation, and miscellaneous. For 2011 petitioner claimed a job-related expense deduction of $16,111 for such items as reference books, seminars, education, clothes, cell phone, laundry, and miscellaneous.

Miscellaneous itemized deductions, such as the deduction for unreimbursed employee expenses, are allowed only to the extent that the aggregate amount exceeds 2% of adjusted gross income. Sec. 67(a). In these cases, the 2% threshold would exceed $2,000 for each year. With respect to the categories of deductions that petitioner claimed, section 6001 requires that taxpayers maintain records sufficient to substantiate the amounts claimed. In some instances, section 274(d) requires that more stringent recordkeeping and substantiation requirements be met and that the taxpayer have adequate records or sufficient evidence corroborating his own statement to substantiate expenses underlying the claimed deductions.

At trial petitioner did not offer any documentary or testimonial evidence to support or substantiate the amounts of his job-related expenses for 2010 or 2011.

Accordingly, we hold that respondent's determination disallowing job-related expense deductions of $9,100 and $16,111 for 2010 and 2011, respectively, is sustained.

## B. Charitable Contributions

Taxpayers are allowed deductions under section 170(a) for charitable contributions. Taxpayers are required to maintain records to substantiate amounts underlying their claimed deductions. Sec. 6001.

For 2010 petitioner claimed a deduction of $6,231 for charitable contributions, and he provided documentation showing that an automobile had been donated to a qualified charity, for which respondent allowed a $1,469 deduction.[2] Petitioner went to auto dealers and received valuations, the average of which was $3,000. Other than that evidence, petitioner did not substantiate the remaining portions of the amounts underlying the charitable contribution deduction claimed for 2010.

For 2011 petitioner reported $4,000 for noncash contributions and $200 for cash contributions to charity. Petitioner did not provide any cogent evidence

---

[2]For 2010 respondent determined that petitioner's allowable deductions exceeded the standard deduction, whereas for 2011 the standard deduction exceeded the deductions respondent allowed to petitioner.

substantiating any portions of the amounts underlying the claimed charitable contribution deduction for 2011.

We accordingly hold that petitioner is entitled to a charitable contribution deduction of $1,531 ($3,000 less $1,469) in addition to the amount respondent allowed for 2010, and respondent's determination to disallow a deduction for all of the claimed charitable contributions for 2011 is sustained.

C. Medical Expenses

Petitioner claimed medical expense deductions for 2010 and 2011 of $27,000 and $19,000, respectively. Section 213(a) allows a deduction for medical care the cost of which is not reimbursed by insurance. The aggregate amount claimed for any taxable year is deductible only to the extent that it exceeds 7.5% of the taxpayer's adjusted gross income.

Other than a letter from his doctor that generally indicated that petitioner would need help getting places, petitioner presented no documentary evidence to support the amounts claimed. Petitioner explained that he was not able to transport himself to work and medical appointments and that he paid others to transport him to various places. Petitioner admitted that most of his medical costs and drugs were covered by an insurance plan and that he had a nominal copayment for medicine. On his returns, most of the amounts underlying the claimed

deductions were allegedly for insurance premiums, but at trial petitioner indicated that large portions of his "medical" expenses were attributable to amounts that he paid others to drive him to work, medical appointments, etc. Other than his testimony, petitioner did not provide any evidence that amounts were paid to others for medical transportation or assistance. Such expenditures, however, must be substantiated.

Accordingly, petitioner has not substantiated his claimed medical expenses for 2010 or 2011, and respondent's determination disallowing the deductions is sustained.

D. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) provides for a 20% penalty for an underpayment of tax attributable to negligence or a substantial understatement of income tax. Under section 7491(c) the Commissioner bears the burden of production with respect to the penalty.

Respondent, in his pretrial memorandum, contended that his burden of production was met because petitioner was negligent in failing to keep and/or present adequate records of expenses underlying claimed deductions and because there is a substantial understatement of income tax for each year within the meaning of section 6662(b)(2). We agree with respondent.

Petitioner has offered no testimony or other evidence concerning his liability for this penalty and has not claimed that his actions were reasonable. Accordingly, we hold that petitioner is liable for section 6662(a) accuracy-related penalties for 2010 and 2011.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155 in docket No. 19609-13S,</u>

<u>and decision will be entered for respondent</u>

<u>in docket No. 26280-14S</u>.